UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | No. C 12-02573 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE CASE TO CONTRA COSTA COUNTY SUPERIOR COURT** |
| v. | |
| GREGORY COLE, et al., | |
| Defendants. | |
| _____/ | |

### I. INTRODUCTION

Plaintiff Aurora Loan Services, LLC ("Aurora") brought an action for unlawful detainer against Defendants Gregory Cole and Karen Cole (collectively, "Defendants") in Contra Costa County Superior Court on October 5, 2011. Notice of Removal, ECF No. 1 at 1, Ex. A.[1] Defendants, who are proceeding *pro se*, removed the case from state court, alleging federal-question jurisdiction. *Id.* at 2-3. Aurora moves to remand the action back to state court, arguing that action's removal was improper because the court lacks subject-matter jurisdiction over it. Motion, ECF No. 5. Because Aurora's unlawful detainer complaint presents only a state claim on its face, the court finds no basis

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-02573 LB
ORDER

for federal jurisdiction and remands the case to Contra Costa County Superior Court.[2]

## II. FACTS

Aurora alleges that it purchased real property at 3361 Brentwood Avenue, Richmond, California at a Trustees' Sale. Complaint, ECF No. 1, Ex. A, ¶¶ 2, 4. Aurora claims that its title has been perfected and that a Trustee's Deed conveying title to it has been recorded in Contra Costa County. *Id.*, ¶ 8. Accordingly, Aurora alleges that it is the owner of the property and is entitled to its immediate possession. *Id.*, ¶ 4. Although Aurora served Defendants with a written notice to vacate the property on September 28, 2011, Defendants continue to occupy the property. *Id.*, ¶¶ 6-8. Thus, Aurora filed an unlawful detainer action in Contra Costa County Superior Court on October 5, 2011. *See generally id.* Aurora seeks damages of the reasonable rental value of the property (approximately $80 per day) since October 2, 2011. *Id.*, ¶ 9.

On May 18, 2012, Defendants removed the action to federal court. Notice of Removal, ECF No. 1. Aurora now moves to remand it back to state court. Motion, ECF No. 5. Defendants have not opposed Aurora's motion, and the deadline for doing so has passed. *See* N.D. Cal. Civ. L.R. 7-3(a). Both parties consented to this court's jurisdiction. Consent (Aurora), ECF No 4; Consent (Defendants), ECF No. 7.

## III. LEGAL STANDARD

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[3] 28 U.S.C. 1441(b). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against

---

[2] Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for decision without oral argument and vacates the July 5, 2012 hearing.

[3] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

UNITED STATES DISTRICT COURT
For the Northern District of California

1 removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

## IV.  ANALYSIS

### A. The Court Lacks Federal-Question Jurisdiction

Here, Aurora alleges a single claim against Defendants for unlawful detainer. Complaint, ECF No. 1, Ex. A. Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

Defendants nonetheless assert that the court has federal-question jurisdiction "because [their] demurrer [in state court] depend[s] on the determination of [their] rights and [Aurora's] duties under federal law. Notice of Removal, ECF No. 1 at 3. This is not a proper basis for removal, as Aurora's complaint contains no facts which would otherwise confer federal jurisdiction. *See Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43 (jurisdiction cannot be predicated on actual or anticipated defenses).

Defendant also contend that Aurora did not comply with the procedural requirements of the Protecting Tenants at Foreclosure Act of 2009 (the "Act") when conducting the foreclosure. Notice of Removal, ECF No. 1 at 3. The Act requires, in the case of any foreclosures on federally-related mortgage loans, that an immediate successor-in-interest serve any bona-fide tenant with a 90-day

C 12-02573 LB
ORDER
3

notice to vacate. *See* 111 P.L. 22, 601, 123 Stat. 1632, 1660 (2009)). As stated above, this affirmative defense, regardless of its merit, cannot provide this court with federal question jurisdiction. *Franchise Tax Bd. of California*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43.

## B. The Court Lacks Diversity Jurisdiction

Though Defendants did not assert diversity jurisdiction in the notice of removal, the court will nonetheless undertake the proper analysis.

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. . *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Aurora is requesting damages in the amount of $80 per day, beginning on October 3, 2011. Complaint, ECF No. 1, Ex. A, ¶ 9. The amount of damages at issue in this case does not come close to reaching the threshold amount.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because Aurora filed suit in California, and Defendants are citizens of California. As explained above, 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

## V. CONCLUSION

Based on the foregoing, Aurora's motion is **GRANTED**. The court **REMANDS** the case to Contra Costa County Superior Court. The Clerk of the Court shall close the file.

///

///

///

**IT IS SO ORDERED.**

Dated: June 25, 2012

_____
LAUREL BEELER
United States Magistrate Judge